IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

STANLEY WOODSON, PLAINTIFF

V. NO. 4:05CV210-P-D

LAWRENCE KELLY, ET AL, DEFENDANTS

**O P I N I O N**

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate currently incarcerated at Mississippi State Penitentiary (MSP) at Parchman, files this complaint pursuant to 42 U.S.C. §1983. The defendants are Lawrence Kelly, who is the superintendent of the MSP, and Willie Spurlock, Jr., who is a Justice Court Judge for the State of Mississippi. Plaintiff seeks monetary damages and injunctive relief.

Plaintiff states that he was the defendant in a civil case held in state court on December 10, 2003. Defendant Spurlock, Justice Court Judge of the Sunflower County District, presided over the case and entered judgment for the plaintiff in the amount of $2254.00. Judge Spurlock issued an order, attached as an exhibit by plaintiff, on December 12, 2003, requiring the inmate accounts department of the Mississippi Department of Corrections (MDOC)to release the sum of $2254.00 from plaintiff's inmate account in the form of a check made payable to Sunflower County Justice Court. Plaintiff at the time had $2027.40 in his inmate account, and the entire amount was removed from the account and sent to the Sunflower County Justice Court. A hold was placed on plaintiff's account for the balance of the judgment.

Plaintiff contends that the money was illegally taken from his account in that several irregularities were committed by Judge Spurlock. These included, *inter alia*, of denying Woodson the right to call witnesses, failure to make a record of the proceedings, and conspiracy between Judge Spurlock and several members of the MDOC to wrongfully take funds from Woodson's inmate account.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

The doctrine of absolute immunity is a threshold question to be resolved as early in the proceedings as possible. *See Seigert v. Gilley*, 111 S. Ct. 1789, 1793 (1991). Judicial officers are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993). The alleged magnitude of the acts is irrelevant. *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991). Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction. *Mireless v. Waco*, 112 S.Ct. 286, 288 (1991). A judge's acts are judicial in nature if they are "normally performed by a judge" and the parties affected "dealt with the judge in his judicial capacity." *Id*. at 288. Plaintiff does not complain of any action taken by Judge Spurlock that was nonjudicial in nature. Therefore, his claim against this defendant should be dismissed with prejudice as frivolous.

The claim against defendant Kelly, that he wrongfully placed a hold on plaintiff's inmate account is completely without basis. This defendant was doing nothing more than complying with a valid court order, which he had a legal duty to obey. Plaintiff filed an earlier suit in this court on October 22, 2004, in case number 4:04CV320-P-D, *Woodson v. King*. That suit alleged the same facts as the one now before the court, other than in the earlier case he did not contend that an unlawful hold was placed on his account. *Woodson v. King* was dismissed with prejudice on November 23, 2004, for failure to state a claim upon which relief could be granted. As in *Woodson v. King*, plaintiff is in actuality challenging the decision of the Sunflower County Justice Court. A prior state court judgment is given the same preclusive effect in a subsequent federal court action as it would be given by the courts of the state in which the prior judgment was rendered. 28 U.S.C. §1738; *Migra v. Warren City School District Board of Ed.*, 465 U.S. 73, 84-85 (1984). Mississippi law gives res judicata effect to:

> 'all issues tried in the prior lawsuit, as well as all matters which should have been litigated and decided in the prior suit,' provided of course that the four identities of res judicata are present. They are: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.

*Riley v. Moreland*, 537 So. 2d 1348, 1354 (Miss. 1989) (quoting *Dunaway v. W.H. Hopper & Assoc. Inc.*, 442 So. 2d 749, 751 (Miss. 1982)).

Since this case satisfies all four of these elements, the doctrine of *res judicata* applies and the case must be dismissed. The proper avenue for plaintiff if he disagreed with the justice court was to appeal the decision to the Circuit Court of Sunflower County. Since this is the second time that plaintiff has contested this meritless case in this court, he is warned that he is subject to Rule 11, Federal Rules of Civil Procedure, and any violation of that Rule may result in sanctions imposed upon him.

A final judgment in accordance with this opinion will be entered.

THIS the 13th day of September, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE